IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| YOURGOS DIAMANTOPOULOS, | ) | 4:09CV3015 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, et al, | ) | |
| | ) | |
| Defendant. | ) | |

Petitioner filed a Petition for Writ of Habeas Corpus on January 27, 2009. (Filing No. 6.) The court has conducted an initial review of the Petition to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court.

Condensed and summarized for clarity, Petitioner alleges that the Nebraska Department of Correctional Services violated due process and also "retaliated and violated a Contract Agreement" when it transferred him to the Tecumseh State Correctional Institution ("TSCI"), a maximum security facility, instead of transferring him to the Omaha Correctional Center. (Filing No. 6 at CM/ECF pp. 1, 7.) Petitioner also alleges that TSCI retaliated against him by manufacturing excuses to give Petitioner misconduct reports. (Filing No. 6 at CM/ECF p. 5.) For example, TSCI "tossed [him] in the hole for broken ink pens" where he lost several privileges, including the loss of access to a typewriter, legal research, legal supplies, and legal assistance. (Filing No. 6 at CM/ECF p. 2-3.) Finally, Petitioner alleges that he "continues to be sexually harassed by [prison] staff." (Filing No. 6 at CM/ECF p. 7.)

After carefully reviewing the Petition, the court finds that Petitioner's claims are not cognizable in a federal court habeas corpus action. Rather, Petitioner seeks to remedy the alleged conditions of his confinement and must present them in a 42 U.S.C. § 1983 action, and not as an action for habeas relief. *Muhammad v. Close,*

540 U.S. 749, 750-51 (2004).

IT IS THEREFORE ORDERED that:

1. Upon initial review of the Petition for Writ of Habeas Corpus (filing no. 6), the court determines that Petitioner's claims are not cognizable in a federal court habeas corpus action and his Petition is dismissed without prejudice to reassertion in accordance with this Memorandum and Order.

2. All pending Motions are denied as moot.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

4. The Clerk of the court is directed to send to Petitioner the Civil Complaint Form.

March 6, 2009.					BY THE COURT:

						s/ Joseph F. Bataillon
						Chief United States District Judge